Center for Disability Access
Ray Ballister, Esq., 111282
Candice Clipner, Esq. SBN 215379
Claire Cylkowski, Esq., SBN 335352
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
candicec@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**Brighton Collectibles, LLC;** and Does 1-10,<br><br>　　　　Defendants | Case No.: 5:21-cv-00667-EJD<br><br>**Joint Trial Setting Conference Statement**<br><br>Trial Setting Conference: 7/21/22<br>Time: 11:00 a.m.<br><br>Complaint Filed: 1/28/2021<br><br>**UNITED STATES DISTRICT JUDGE EDWARD J. DAVILA** |

Subject Matter Jurisdiction:

Subject matter jurisdiction exists because Plaintiff's causes of action are for Violation of the ADA of 1990 (42U.S.C. section 12101, et seq.) and violation of the Unruh Civil Rights Act (Cal. Civ. Code § 51-53) pursuant to supplemental jurisdiction.

Substance of the Action:

*Plaintiff*

Plaintiff Brian Whitaker is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury and is a quadriplegic. He uses a wheelchair for mobility.

*Defendant*

Defendant Brighton Collectibles, LLC ("the Store") is located at or about 2855 Stevens Creek Blvd, Santa Clara, California, in the Valley Fair Mall, and sells personal retail items.

According to California Secretary of State's office, the Defendant LLC, Brighton Collectibles, LLC, was formed in Delaware. Its principal address is 14022 Nelson Avenue, City of Industry, CA 91746. Brighton Collectible Holdings, Inc., a Delaware corporation, is Defendant's member, according to Defendant's CA secretary of state filings. Defendant's member also has a principal place of business in CA, at the same address of Defendant.

*Recitation of Facts by Plaintiff:*

Plaintiff went to the Store in January 2021 with the intention to avail himself of Defendant's goods and to assess the business for compliance with the disability access laws. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

Plaintiff alleges that on the date of the plaintiff's visit, that defendant failed to provide wheelchair accessible sales counters in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

The Store provides sales counters to its customers but fails to provide any wheelchair accessible sales counters. The sales counter was too high. It was well over 36 inches in height. Although there was a pull-out surface that looked to be designed to assist wheelchair users, this pull-out surface was 39 inches in height. Meanwhile, there was a small, lowered section of counter space but this area was completely obstructed with merchandise and displays. The area was not used to conduct transactions.

*Recitation of Facts By Defendant:*

Brighton does not offer transaction counters to its customers. There is a factual issue as to whether Plaintiff has any intention of returning to the store, whether Plaintiff was a bonefide customer, and whether Plaintiff encountered any barrier that related to his disability. Defendant did not violate the ADA because it complied with all relevant standards.

*Statement of the Principal Factual Issues in Dispute*

Whether Brighton offers transaction counters to its customers.

*From Defendant:*

There is a factual issue as to whether Plaintiff has any intention of returning to the store, whether Plaintiff was a bonefide customer, and whether Plaintiff encountered any barrier that related to his disability. Defendant did not violate the ADA because it complied with all relevant standards.

*Relief Sought*

*(1)* Remediation of the sale counters so not higher than 36" and lowered section not to be obstructed with merchandise and displays;

*(2)* Unruh damages;

*(3)* Attorney fees and costs

*Brief Statement of Legal Issues from Plaintiff:*

The parties agree that the 2010 Standards for Accessible Design (the "2010 Standards")govern the transaction counters at issue in this case. Section 227.3 of the 2010 Standards provides, in relevant part:

**ADA Standards**

**227.3 Counters.** Where provided, at least one of each type of sales counter andservice counter shall comply with 904.4. Where counters are dispersed throughoutthe building or facility, counters complying with 904.4 also shall be dispersed.2010 Standards, § 227.3. Section 904.4 provides, in relevant part:

**904.4 Sales and Service Counters.** Sales counters and service counters shallcomply with 904.4.1 or 904.4.2. The accessible portion of the counter top shallextend the same depth as the sales or service counter top.2010 Standards, § 904.4 (emphasis in original). Section 904.4.1 specifies the requirements for counters when wheelchair users have aparallel approach to the counter, and Section 904.4.2 specifies the requirements for counters whenwheelchair users have a forward approach. In this case, Section 904.4.1 governs because there isa parallel approach to the transaction counters in the Store. Section 904.4.1 states, in its entirety:

**904.4.1 Parallel Approach.** A portion of the counter surface that is 36 inches (915mm) long minimum and 36 inches (915 mm) high maximum above the finish floorshall be provided. A clear floor or ground space complying with 305 shall bepositioned for a parallel approach adjacent to the 36 inch (915 mm) minimum lengthof counter.

**EXCEPTION:** Where the provided counter surface is less than 36 inches (915mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor.2010 Standards, § 904.4.1. In this case, the exception to Section 904.4.1 does not apply because there were portions of the counter surface that were more than 36 inches above the floor. As such, the lowered portion of at least one of the counters was required to be at least 36 inches long. As built, the counters complied with Section 904.4.1., i.e., the lowered portion of the counters were at least 36 inches long.

However, because Defendant covered almost the entirety of the lowered counter, Plaintiff argues that Defendant violated 28 C.F.R. § 36.211(a).   28C.F.R. § 36.211(a) provides in relevant part: "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." 28 C.F.R. §36.211(a).

**Causes of Action**

**ADA**

Title III of the ADA prohibits discrimination against individuals on the basis of disability in places of public accommodation. 42 U.S.C. § 12182(a). The statute defines discrimination" as a "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv). Thus, to prevail on his ADA claim, Plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) Defendant owns, leases, or operates a place of public accommodation; (3) Defendant denied Plaintiff public accommodation because of his disability; (4) the Store presents an architectural barrier prohibited under the ADA; and (5) removal of the barrier is readily achievable.[1] See *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

**Unruh**

The California Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 731 (9th Cir. 2007).

*Prior and Pending Motions*

8/16/21: Plaintiff filed ECF 19, asking for a Case Management Conference. On September 9, 2021, Plaintiff's motion granted [ECF 20].

*Anticipated Motions:*

Dueling motions for summary judgment.

*Discovery:*

Discovery has closed. Plaintiff's counsel is newly assigned to this case as my firm has lost three litigation attorneys. Defendant is maintaining it did not have a counter. Plaintiff requests discovery to reopen to take a deposition of Defendant's agent re Defendant purportedly not even having a counter and perhaps other discovery to

---

[1] "Readily achievable" is a shifting element. *Lopez v. Catalina Express, Inc.* 974 F.3d 1030 (9th Cir. 2020).

successfully bring this action. Plaintiff requests discovery reopen for an three additional months from the current date.

ADR Efforts: 7/22/21 – mediation held. Case did not settle.

Proposed Scheduling, Plaintiff: Fact Discovery to close October 22, 2022. Expert discovery November 15, 2022. Deadline for filing Dispositive Motions: January 26, 2023. Hearings on dispositive motions: February 28, 2023.

Dated: July 14, 2022             CENTER FOR DISABILITY ACCESS

/s/ Candice Clipner

By:_____

Candice Clipner

Attorneys for Plaintiff