UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRIGHTON COLLECTIBLES, LLC,<br><br>　　　　　Defendant. | Case No.　5:21-cv-00667-EJD<br><br>**ORDER DENYING LEAVE TO FILE LATE OPPOSITION DUE TO EXCUSABLE NEGLECT**<br><br>Re: ECF No. 31 |

Plaintiff Brian Whitaker brings the instant motion for leave to file an untimely opposition to Defendant Brighton Collectibles, LLC's motion for summary judgment. ECF No. 31. Because the Court finds that Plaintiff has not demonstrated excusable neglect, the Court DENIES Plaintiff's motion.

**I.　　BACKGROUND**

On October 29, 2021, the Court entered its Case Management Order, setting forth a deadline for the parties to file dispositive motions by September 26, 2022. ECF No. 22. About eight months later, on July 14, 2022, the parties filed their Joint Trial Setting Conference Statement, in which they contemplated filing summary judgment motions. ECF No. 25, at 5.

On September 26, 2022, Defendant filed its motion for summary judgment within the Court's set deadline for dispositive motions. ECF No. 29. Prior to filing the motion, Defendant's counsel had communicated to Plaintiff's counsel that he intended to file a summary judgment motion. Decl. Candice Clipner ¶ 3, ECF No. 31-1. Plaintiff did not file a dispositive motion.

The deadline for Plaintiff to file an opposition to Defendant's summary judgment was on October 11, 2022. Plaintiff did not file an opposition.

Case No.: 5:21-cv-00667-EJD
ORDER DENYING LEAVE TO FILE UNTIMELY OPPOSITION

1

On October 18, 2022, Defendant filed a reply in support of its summary judgment motion, noting Plaintiff's failure to file any response. ECF No. 30. Plaintiff did not file anything in response to Defendant's reply.

On October 26, 2022, Plaintiff's counsel first learned of Defendant's motion for summary judgment from her assistant while reviewing their October calendar. Clipner Decl. ¶ 2. Two days later, Plaintiff filed the present motion for administrative relief. ECF No. 31.

## II.   DISCUSSION

### A.   Legal Standard

Under Rule 6(b) of the Federal Rules of Civil Procedure, where the specified period for the performance of an act has elapsed, a district court may extend the time if the party had "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether neglect is excusable, the Ninth Circuit applies the four-part *Pioneer* test, examining: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Because Congress has not provided guidance to determine what sorts of actions constitute excusable neglect, the Court's "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 401.

### B.   Reason for Delay

Having considered the *Pioneer* factors, the Court finds that Plaintiff's neglect is not excusable under these circumstances. The most salient factor here is Plaintiff's asserted reason for the delay. As an initial matter, Plaintiff's counsel admits that the delay was within her reasonable control. Clipner Decl. ¶ 6. This point can hardly be contested, recognizing that she receives ECF email notifications for this matter and her firm had calendared Defendant's motion for summary judgment in their internal case management system. Clipner Decl. ¶¶ 4-5. Indeed, defense

Case No.:   5:21-cv-00667-EJD
ORDER DENYING LEAVE TO FILE UNTIMELY OPPOSITION
2

counsel had even personally notified Plaintiff's counsel that he would be filing a motion for summary judgment. *Id.* ¶ 3. However, Ms. Clipner's only explanation for why she missed the opposition deadline is that she did not open several emails the day Defendant's summary judgment motion was filed. *Id.* ¶ 4 ("I do not even know why I did not open several emails that day. Sometimes, I do not open emails because I am trying to get other work done. . . .").

"[I]t is counsel's duty to monitor the court's docket to stay informed of the court's orders and filing deadlines" and "counsel's carelessness and error in not checking the court docket to calendar [a deadline] does not constitute 'excusable' neglect." *Willis v. JP Morgan Chase Bank, N.A.*, 2017 WL 5665834, at *2 (E.D. Cal. Nov. 27, 2017). Here, Plaintiff's counsel claims she was unaware of Defendant's summary judgment motion, even though she received ECF notifications for this matter, defense counsel had personally informed her of his intent to file the motion, her firm had calendared the filed motion, and the Court had scheduled the dispositive motion deadline nearly a year in advance. In light of the various case management aides and reminders available to Plaintiff's counsel, the Court is hard pressed to find a less compelling reason for the delay than counsel's failure to check or open her emails.

### C. Prejudice and Length of Delay

The remaining *Pioneer* factors do not outweigh the carelessness showcased by Plaintiff. The resulting prejudice to Defendant and length of delay are modest but present. To begin, Plaintiff did not attach a proposed opposition brief to the administrative motion; rather, the motion included a request for an additional 14 days for Plaintiff to file an opposition. ECF No. 31, at 3. Accordingly, assuming the Court ruled on Plaintiff's motion after it was ripe in four days, Plaintiff's opposition would have been due November 16, approximately 35 days after the original opposition deadline. Under any timeline, Defendant would have had to draft and file a new reply to Plaintiff's opposition. Even though the summary judgment hearing is scheduled for January, this delay is not consistent with excusable neglect. *See Baker v. Ensign*, 2014 WL 4352167, at *6 (S.D. Cal. Aug. 29, 2014) ("A fourteen-day delay before requesting the continuance is a substantial amount of time"); *Johnson v. Lake Tahoe Partner*, 2014 WL 3689370, at *2 (E.D. Cal.

Case No.: 5:21-cv-00667-EJD
ORDER DENYING LEAVE TO FILE UNTIMELY OPPOSITION
3

July 24, 2014) (finding no excusable neglect where Plaintiff's firm sought relief within 8 days).

In terms of the impact on the proceedings, if Plaintiff's motion is denied, Defendant's summary judgment motion would proceed unopposed. Although the Court typically favors disposition on the merits, that concern is somewhat mitigated here, where Defendant has the burden to establish that there is no genuine issue of material fact and that it is entitled to judgment in its favor. *See Baker*, 2014 WL 4352167, at *6 (finding that impact on the proceedings did not militate in movant's favor where court reviewed summary judgment papers for sufficiency).

### D. Good Faith

With respect to good faith, the Court will take Plaintiff's counsel at her word that the delay was unintentional and not made in bad faith. Clipner Decl. ¶¶ 4, 9. However, this is also not the first time in this matter where Plaintiff's counsel or her firm failed to meet the Court's expectations for diligence. On July 14, 2022, Plaintiff had requested that the Court re-open fact discovery to depose Defendant's agent after seven months of discovery and over one month after the discovery deadline had lapsed. ECF No. 25, at 5-6. On July 21, 2022, Plaintiff's counsel also failed to appear at the Court's trial setting conference, largely frustrating the conference's purpose of setting a trial date. ECF No. 26. Accordingly, even if Plaintiff's conduct here was not taken in bad faith, there is nothing that would suggest the apparent neglect is excusable.

## III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has not established excusable neglect and DENIES Plaintiff's motion for leave to file an untimely opposition.

**IT IS SO ORDERED.**

Dated: November 22, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-00667-EJD
ORDER DENYING LEAVE TO FILE UNTIMELY OPPOSITION
4