UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRIGHTON COLLECTIBLES, LLC,<br><br>　　　　　Defendant. | Case No. 5:21-cv-00667-EJD<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 29 |

Pending before the Court is Defendant Brighton Collectibles, LLC's ("Brighton") motion for summary judgment ("MSJ"). ECF No. 29. Having carefully considered the briefing and record in this matter, the Court finds the motion appropriate for decision without oral argument under Civil Local Rule 7-1(b). For the reasons stated below, the Court GRANTS Brighton's motion for summary judgment.

**I.    BACKGROUND**

Plaintiff Brian Whitaker ("Plaintiff") suffers from a spinal cord injury and uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. In January 2021, Plaintiff visited a store owned by Brighton to access its goods and to determine if the store was compliant with the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). *Id.* ¶ 8. Plaintiff then filed this action on January 28, 2021, alleging violations of the ADA and the Unruh Act. *Id.* ¶¶ 22–32. Specifically, he claimed that Brighton failed to provide wheelchair-accessible sales counters because the counters in Brighton's store were "well over 36 inches in height." *Id.* ¶ 12. Due to this, Brighton allegedly denied Plaintiff full and equal access to the store. *Id.* ¶ 16.

Brighton moved for summary judgment on September 26, 2022. *See* MSJ. While

1  Plaintiff's opposition was due on October 11, 2022, he failed to meet that deadline. Subsequently,

2  Brighton filed its reply on October 18, 2022. Def.'s Reply, ECF No. 30. On October 28, 2022,

3  Plaintiff moved for leave to file a late opposition against the motion for summary judgment,

4  explaining that his counsel failed to check her emails notifying her of the motion. Mot. for

5  Administrative Relief, ECF No. 31; Decl. of Candice Clipner ¶ 4, ECF No. 31-1. The Court

6  denied that motion because "carelessness and error" did not constitute excusable neglect. Order

7  Den. Leave to File Late Opp'n at 3, ECF No. 35.

## II.   LEGAL STANDARD

Summary judgment is proper if, after drawing all reasonable inferences in the light most favorable to the nonmoving party, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002), there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it would affect the outcome of the suit, and a dispute is "genuine" if the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden to produce evidence. *See Celotex*, 477 U.S. at 323. The moving party must identify portions of the pleadings, discovery, and affidavits that "demonstrate the absence of a genuine issue of material fact." *Id*. If the moving party meets this initial burden, the burden shifts to the nonmoving party to "produce evidence to support its claim or defense" sufficient to "create a genuine issue of material fact." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). If the nonmoving party produces enough evidence to meet that burden, it defeats summary judgment; otherwise, the moving party prevails on its motion. *Id.*

## III.   DISCUSSION

### A.   ADA and Unruh Act Claims

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

Case No.: 5:21-cv-00667-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
2

advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Any violation of the ADA is also a violation of the Unruh Act. Cal. Civ. Code § 51(f). If a party's Unruh Act claims are predicated on her ADA claims, the "arguments for summary judgment on the [Unruh Act] claims rise and fall with the ADA claims." *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1122 (N.D. Cal. 2017).

**B.  Analysis**

Brighton moves for summary judgment on the ground that Plaintiff failed to establish that he was discriminated against because Brighton denied him public accommodations. MSJ at 2. Plaintiff's sole theory of discrimination is that Brighton failed to provide wheelchair accessible sales counters because the counters were "well over 36 inches in height" and the "lowered section of counter space . . . was completely obstructed." Compl. ¶¶ 12, 17. However, Brighton offers evidence that the store does not conduct any transactions at the sales counters. Decl. of Christine Sampo ¶ 3, ECF No. 29-4. Instead, the store handles all sales transactions on the sales floor: Sales associates complete transactions by taking chosen items from customers to wrap or box, returning to the customers, and then finalizing purchases on an iPad. *Id.* ¶¶ 3–4. As Plaintiff conceded at deposition, he would have been able to complete a transaction in this manner. Decl. of Michael S. Orr, Ex. A ("Pl. Dep.") at 73:17–74:6, ECF No. 29-3. As such, the Court finds that Brighton satisfied its initial burden of production to identify evidence showing that it did not deny Plaintiff any public accommodation.

The burden then shifts to Plaintiff, and the Court concludes that he has fallen short of fulfilling that burden. At deposition, Plaintiff did not dispute Brighton's assertion that all transactions were conducted on the sales floor rather than at counters. Pl. Dep. at 69:7–70:3. And

Case No.: 5:21-cv-00667-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
3

the Court sees nothing else in the record that contradicts Brighton's account of how it conducts sales transactions. Therefore, the Court concludes that Brighton did not deny any public accommodation to Plaintiff, and there is no genuine dispute of material fact as to that issue.

The Court's conclusion is further supported by *Love v. Barcelino Continental Corp.*, 2021 WL 3565439 (N.D. Cal. Aug. 11, 2021), *aff'd*, 2022 WL 4077115 (9th Cir. Sept. 6, 2022). In *Love*, the defendant directed its salespeople to complete purchase transactions "on the floor using portable point-of-sale-machines, such that salespeople [were] not required to stand behind the [] counter and customers [were] not required to reach [the] counter to make a purchase." *Id.* at *3. Based on those facts, the *Love* court granted the defendant's motion for summary judgment, explaining that "the evidence does not support a finding that the [] counter is where sales occur, [so] it does not need to comply with [ADA height] requirements." *Id.* That is precisely the case here—the uncontroverted evidence shows that Brighton did not use its sales counters to conduct sales transactions, so the height of those counters cannot support an ADA violation.

Accordingly, Brighton is entitled to summary judgment in its favor on Plaintiff's ADA claim. As a result, it is also entitled to summary judgment on Plaintiff's Unruh Act claim.

## IV.   CONCLUSION

The record does not support Plaintiff's claim that Brighton deprived him of full and equal access due to the height of the sales counters in Brighton's store. The Court therefore GRANTS Brighton's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: July 31, 2023

EDWARD J. DAVILA
United States District Judge